**UNITED STATES DISTRICT COURT**
**District of New Jersey**

| | |
|---|---|
| **CHAMBERS OF**<br>**JOSE L. LINARES**<br>JUDGE | **MARTIN LUTHER KING JR.**<br>**FEDERAL BUILDING & U.S. COURTHOUSE**<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

April 4, 2007

**Re:** **Silva v. Quinones**
    **Civil Action No. 06-5636**

Dear Parties:

     Petitioner, Everts Silva, filed the instant petition pursuant to 28 U.S.C. § 2241 on November 27, 2006 against Respondents, Immigration and Customs Enforcement Officer Juanita Quinones, Department of Homeland Security Officer Winnie Cheung, Attorney General Alberto Gonzales, Department of Homeland Security Director Michael Chertoff; and Acting District Director of Immigration and Customs Enforcement J. Scott Blackman.[1]  Petitioner argues that his continued mandatory detention pursuant to 8 U.S.C. § 1226(c) is unlawful and thus, requests that this Court remand this matter to an Immigration Judge for a bond hearing.

---

[1] Respondents claim that the instant petition should be dismissed because Petitioner did not name Warden Willis Morton of the Bergen County Jail, where Petitioner is being detained, as a respondent.  See, e.g., Bing v. United States, No. 07-0643, 2007 WL 602412, at *1 (D.N.J. Feb. 20, 2007) ("When ever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name is warden as respondent . . . (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)).  Petitioner claims that Respondents' contention that he must name Warden Morton as a respondent is "probably erroneous," and in any event, even if he was required to name Warden Morton, Petitioner seeks leave to amend his petition to correct this error.

     The Court declines to dismiss the instant petition on this technicality.  Petitioner may amend his petition solely to name Warden Morton as a respondent.  Petitioner does not have the Court's permission to make any further amendments.  Petitioner must file such amended petition, naming Warden Morton, by April 18, 2007, or this Court will dismiss the petition for failure to name an indispensable party.  See, e.g., Bing, 2007 WL 602412, at *2 (stating that if petitioner failed to file an amended petition naming the appropriate warden as a respondent the petition would be dismissed for failure to name an indispensable party).

The Court has reviewed the parties' submissions. It appears that on February 1, 2007, Immigration Judge Alan Vomacka held a final hearing on Petitioner's removal. On February 7, 2007, Judge Vomacka issued a written decision, addressing essentially the same issues that Petitioner raises in the instant petition and ultimately ordering Petitioner removed to Sri Lanka.

On or about March 26, 2007, Petitioner's counsel, Bruno Bembi, Esq., represented to the Court that he filed a Notice of Appeal of Judge Vomacka's decision to the Board of Immigration Appeals ("BIA"). Mr. Bembi also represented to the Court that although he had not yet submitted his appellate brief to the BIA (he is apparently waiting for the transcript of the February 1, 2007 hearing before Judge Vomacka to be produced), he will be raising the same issues on appeal to the BIA that he has raised before this Court in his habeas petition.

In particular, these issues essentially are (1) whether Petitioner's June 29, 2000 conviction for possession of a forged instrument in violation of N.Y. Penal Law § 170.20 is a crime involving moral turpitude; (2) whether it was permissible for the Department of Homeland Security to amend the charges of deportability against Petitioner to include a second purported crime involving moral turpitude, a July 16, 2002 conviction for petit larceny under New York Penal Law § 155.25; and (3) whether Petitioner's July 16, 2002 conviction for petit larceny was a crime involving moral turpitude.

Accordingly, since the BIA has another opportunity to consider these issues following Judge Vomacka's decision, such claims must be dismissed for failure to exhaust administrative remedies. See Mudric v. Attorney General, 469 F.3d 94, 97 (3d Cir. 2006) ("Normally, we have jurisdiction over an alien's claims only where the alien has raised and exhausted his or her administrative remedies as to that claim."); see also Espinoza-Cisneros v. Ashcroft, 112 Fed Appx. 817, 820 (3d Cir. Oct. 18, 2004); Ashley v. Ridge, 288 F. Supp. 2d 662, 666 (D.N.J. 2003).

Petitioner must exhaust these issues before the BIA before seeking relief in this Court. Once such remedies are exhausted, Petitioner may pursue federal court relief; however, the burden is on Petitioner to establish that this Court, as opposed to the Second Circuit, Third Circuit, or a federal district court in New York, has jurisdiction over his claims.[2]

---

[2] Petitioner admits that he does not know if, assuming his administrative remedies are exhausted, this Court has jurisdiction to hear his claims. Petitioner states in his instant submissions that he raised the same issues in his section 2241 petition before this Court and in a petition for review before the Second Circuit. See 2241 Petition at p. 6. He admits "[i]t is unclear which Court, if either, has jurisdiction to review Mr. Silva's claim." Petitioner's Brief at p. 3. Furthermore, Petitioner admits "it is possible that Mr. Silva's petition [in the Second Circuit] may well be peremptorily dismissed for lack of jurisdiction, although the Second Circuit might consider the Board's bond determination to be a final order of removal, and . . . review the Board's bond determination." Petitioner's Brief at p. 19-20. This petition for review is apparently still pending in the Second Circuit.

In addition to raising identical claims in the Second Circuit, Petitioner also raised at least

Petitioner does raise two constitutional arguments that are not subject to the exhaustion requirement outlined above.  See, e.g., Mudric v. Attorney General, 469 F.3d 94, 98 (3d Cir. 2006); Ashley v. Ridge, 288 F. Supp. 2d 662, 666-67 (D.N.J. 2003).  First, Petitioner claims that the mandatory detention provision of 8 U.S.C. § 1226(c) is unconstitutional as applied to him.  Respondents have failed to address this argument, presumably because Petitioner did not raise such in a prominent way in his papers.[3]  Furthermore, Petitioner claims that should this Court determine that it is divested of jurisdiction to hear the instant case under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, the REAL ID Act should be held unconstitutional.

The Court finds that the current briefing on these issues, particularly the constitutionality of the mandatory detention statute, are inadequate.  Accordingly, the Court in an attached order mandates that Plaintiff submit a brief to this Court by April 18, 2007, not to exceed twenty (20) pages, addressing the following issues:

(1) Whether this Court, as opposed to the Second Circuit, Third Circuit, or a federal district court in New York, has jurisdiction to consider whether Petitioner's continued mandatory detention pursuant to 8 U.S.C. § 1226(c) is constitutional?

(2) Whether, assuming this Court lacks jurisdiction to consider the above-referenced issue pursuant to the REAL ID Act, such act is unconstitutional?

(3) Whether, assuming this Court has jurisdiction to consider the above-referenced issue, Petitioner's continued mandatory detention pursuant to 8 U.S.C. § 1226(c) for approximately ten months during the pendency of his removal proceedings is constitutional considering the fact that Petitioner is contesting the grounds for his deportation in the immigration courts and considering the Supreme Court's holding in Demore v. Kim, 538 U.S. 510 (2003)?

Petitioner's brief must be limited to the three issues outlined above.  Respondents may then submit a response to Petitioner's brief by May 2, 2007, which also shall not exceed twenty (20)

---

some of these issues in a motion for reconsideration filed with the Third Circuit.  It appears that the Third Circuit dismissed Petitioner's motion for lack of jurisdiction on February 12, 2007.

To further complicate matters, although Petitioner is currently confined in New Jersey, his immigration proceedings are being conducted in New York immigration courts.  Petitioner's immigration file was transferred back and forth from New Jersey to New York at least three times before ending up before Judge Vomacka.  It appears that this confusion arose from the fact that Petitioner, a New York City resident, was only detained in New Jersey because the otherwise appropriate New York detention facility was closed.  Thus, Petitioner must persuade the Court that it, as opposed to a federal district court in New York, has jurisdiction to hear Petitioner's habeas petition.

[3] Petitioner did not explicitly raise this argument in his section 2241 petition; however, he raised it in his brief accompanying such petition.  See Petitioner's Brief at pp. 53-55.

3

pages. Similarly, Respondents must only brief the issues identified above by the Court. An appropriate order accompanies this letter opinion.

          s/ Jose L. Linares
          United States District Judge